UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                                    Case No. 8:20-bk-01953-MGW
                                                                                          Chapter 11

All Sorts of Services of America, Inc.,

    Debtor.
_____/

**EMERGENCY MOTION FOR AUTHORITY
TO OBTAIN POST-PETITION FINANCING**

Debtor, All Sorts of Services of America, Inc., by and through their undersigned attorneys, pursuant to 11 U.S.C. §364(d) and Rule 4001(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), move this Court to enter a final order:

    A.    Authorizing the Debtor to borrow on an unsecured basis from the SBA Paycheck Protection Program via J.P. Morgan Chase Bank, N.A. (the "Lender") one-hundred eighty-nine thousand two-hundred sixty-five dollars ($189,265.00) (the "DIP Loan") without interest, substantially in accordance with the terms of this Motion and the Term Sheet (the "Financing Agreement") attached as Exhibit "1" to this Motion;

    B.    Authorizing the Debtor to execute definitive loan documents, when finalized, which shall be consistent with the Motion and the Financing Agreement (the "DIP Loan Documents");

    C.    Authorizing the Debtor under §364 of the Bankruptcy Code to obtain post-petition financing and incur post-petition financing under the DIP Facility,

1

which financing and indebtedness due and owing under by the Debtors to the Lender shall be unsecured, as described in the Financing Agreement allowable under 11 U.S.C. §§364(c)(2), 364(c)(3) and 364(d)(1); and

D. Granting the Debtor such other and further relief as the Court deems necessary, appropriate, equitable, proper and consistent.

In support of this motion (the "Motion"), the Debtor would show:

### Jurisdiction and Venue

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§157 and 1334. The subject matter of the Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper in this district pursuant to 28 U.S.C. §1408. The statutory predicates for the relief sought in the Motion include 11 U.S.C. § 364(b) and Bankruptcy Rule 4001(c). No previous application for the relief sought herein has been made by the Debtor to this Court or any other court.

### Background

2. On March 5, 2020 (the "Petition Date"), the Debtor filed with this Court its Voluntary Petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. The Debtor continues to manage its business and property as debtor in possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code.

4. No trustee or creditors committee has been appointed in this case.

5. On the Petition Date, the Debtor's assets included one parcel of improved real property, used as an office, as well as motor vehicles (the "Property").

## Identity of the Proposed Lender

6. The SBA Paycheck Protection Program via J.P. Morgan Chase Bank, N.A. is the proposed post-petition lender to the Debtor. Chase was the Debtor's pre-petition bank and the Debtor has authority to maintain pre-petition bank accounts at the present time. The Lender is not related to or an affiliated of any of the Debtor or insiders of the Debtor.

## History of Project and Summary of Pre-Petition Borrowings

7. The Debtor is a chimney cleaning and repair company operating in Florida, Michigan, and Ohio. It services and maintains chimneys.

8. The Debtor's primary purpose for bankruptcy filing was related to potential, disputed tax claims. Other debts include a first mortgage attaching to the Debtor's real property and various liens against motor vehicles.

## Need For and Uses of DIP Loan

9. The Debtors require funding during these cases for the following purposes:

(a) <u>Payroll</u>. The Debtor must use 75% of the loan to cover its payroll costs as defined by the SBA. For example, the loan may not be sued to pay mortgage principal or pre-payments.

## Terms of the DIP Loan

10. The provisions governing the DIP Loan are set forth as follows[1]:

---

[1] The Motion seeks to summarize the Financing Agreement. To the extent of a conflict between the terms of the Motion and the Financing Agreement, the terms of the Financing Agreement shall control.

(a) <u>Amount of DIP Loan</u>:  The DIP Loan shall be in the amount of one-hundred eighty-nine thousand two-hundred sixty-five dollars ($189,265.00).  The loan proceeds have already been deposited into the Debtor's non-DIP Chase account.

(b) <u>Interest Rate</u>**:**  The non-default rate of interest for the DIP Loan shall be 0.00% per annum.

(c) <u>Documents</u>:  There are no documents known to exist other than the email dated May 1, 2020 and attached hereto as Exhibit "1".

(d) <u>Term and Termination</u>:  The DIP Loan shall be subject to non-taxable forgiveness if 75% of the loan is used to cover payroll costs.

(e) <u>Events of Default</u>:  If the loan is not used in accordance with the SBA's requirements, the Debtor must repay the loan.  Applicable rules and FAQs are found at SBA.gov and Treasury.gov.

## Basis for Obtaining Post-Petition Credit

11. Debtor submits that the borrowings would are justified as they allow the Debtor to continue to meet its payroll obligations and continue operations during the present Covid-19 pandemic.

12. The Debtor believed that the financing described herein is in its best interest and the best interest of its creditors.  The Debtors' access to the financing described herein will maximize its ability to continue operations which will enhance the Debtor's ability to formulate a plan of reorganization.  The loan, if used properly

and in accordance with SBA rules, is essential "free" money that does not need to be repaid.

13. The Debtors are presently unable to obtain, in the ordinary course of business or otherwise:

(a) Pursuant to §§364(a) or 364(b) of the Bankruptcy Code, unsecured credit (including, without limitation, unsecured trade credit) allowable under §503(b)(1) of the Bankruptcy Code as an administrative expense;

(b) Pursuant to §364(c)(1) of the Bankruptcy Code, unsecured credit (including, without limitation, unsecured trade credit) with priority over any or all administrative expenses of the kind specified in §§503(b) or 507(b) of the Bankruptcy Code; or

(c) Credit on any basis other than that described in the Financing Agreement.

14. Since the Petition Date, the Debtor was unable to obtain financing on terms as favorable as those offered by the Lender.

15. After considering all of the alternatives, the Debtor has concluded, in the exercise of its business judgment, that the financing to be provided under the terms of this Motion represents the best financing available to the Debtor and is in the best interest of the Debtor, its creditors, and other parties in interest.

16. Good cause has been shown for the entry of an order granting this Motion pursuant to Bankruptcy Rule 4001(c)(2). In particular, entry of the order is

in the best interest of the Debtor and its business and its ability to continue to operate as a going concern.

17. As set forth in the Motion and based upon the record of this proceeding, the Lender and the Debtor have negotiated the terms and conditions of the DIP Facility in good faith and at arm's-length, and the terms and conditions of the DIP Loan Documents are fair and reasonable and are supported by reasonably equivalent value. The Debtor requests that this Court find that any credit extended by the Lender pursuant to the terms of the DIP Loan Documents will have been extended in "good faith" (as that term is used in §364(e) of the Bankruptcy Code).

WHEREFORE, the Debtor respectfully requests that this Court enter a final order:

A. Granting the Motion;

B. Authorizing the Debtor to borrow $189,265.00 as an unsecured and forgivable indebtedness;

C. Approving this application *nunc pro tunc* to the date the loan was approved and the funds deposited into the Debtor's bank account;

D. Authorizing the Debtor to continue to hold the funds in the non-DIP bank account; and

E. Providing such other and further relief as is just and proper.

DATED: May 5, 2020

          COLE & COLE LAW, P.A.

          /s/ Richard J. Cole, III_____

RICHARD J. COLE, III
46 North Washington Blvd., Suite 24
Sarasota, Florida  34236
(941) 365-4055
(941) 365-4219 (FAX)
Attorney for Debtor
rc3@colecolelaw.com
Florida Bar No. 0059708

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true copy of the foregoing has been provided by electronic submission or U.S. Mail on this the 5th day of May, 2020, to all parties registered to receive electronic notices of filings by CM/ECF and to the following:

Local Rule 1007.2 Parties In Interest

COLE & COLE LAW, P.A.


/s/ Richard J. Cole, III_____
RICHARD J. COLE, III